SEND
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8669 PA (FMOx) | Date | December 1, 2010 |
|---|---|---|---|
| Title | Abraham Iny v. Wachovia Mortgage, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before this Court is a Notice of Removal filed on November 12, 2010 by defendant Wachovia Mortgage, a division of Wells Fargo Bank, N.A. ("Wachovia"). (Docket No. 1.) Defendant NDeX West LLC ("NDeX") joins the Notice of Removal. Wachovia asserts that jurisdiction exists based on diversity of citizenship. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v.Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

Accordingly, in attempting to invoke this Court's diversity jurisdiction, Wachovia must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The citizenship of a partnership or other unincorporated entity is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. Domicile is evaluated using a number of factors, none of which are dispositive, including: "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration,

SEND<br>JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8669 PA (FMOx) | Date | December 1, 2010 |
|---|---|---|---|
| Title | Abraham Iny v. Wachovia Mortgage, et al. | | |

and payment of taxes." Lew v. Moss, 797 F.2d 747, 750 (9th Cir. 1986).

     Wachovia's Notice of Removal claims that plaintiff Abraham Iny ("Plaintiff") is a citizen of California because the Complaint alleges that he is a resident of California and owns property in California. However, as Wachovia itself acknowledges, residence does not equate citizenship. Moreover, Plaintiff's residence and property ownership are only two of many factors that a court is to consider when evaluating an individual's citizenship. Here Wachovia has not met its burden to demonstrate that Plaintiff is a citizen of California.

     Moreover, the Notice of Removal also fails to establish the citizenship of NDeX. The Notice of Removal alleges that NDeX is a wholly-owned subsidiary of National Default Exchange, LP, which is a Delaware limited partnership with its principal place of business in Texas. However, there are no allegations concerning the citizenship of the members of the partnership. Wachovia argues that NDeX's citizenship may be ignored when assessing diversity, since it is a trustee of a deed of trust and thus a nominal defendant. See Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461, 100 S. Ct. 1779, 1782, 64 L. Ed. 2d 425 (1980)("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."). However, Wachovia's conclusory allegations are insufficient to show that NDeX is a nominal defendant. See King v. Bank of N.Y., No. C.A. C-05-408, 2005 WL 2177209 at *3-4 (S.D. Tex. Sept. 7, 2005)(noting that a trustee of a deed of trust is not automatically considered a nominal party).

     Because neither the "four corners" of the Complaint nor the Notice of Removal contain sufficient allegations concerning citizenship, Wachovia has not met its burden to establish this Court's jurisdiction. See Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). Accordingly this Court remands this action to Los Angeles County Superior Court, Case No. LC091683 for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

     IT IS SO ORDERED.